M’Girk, C. X,
delivered the opinion of the Court.
This was an action of detinue for a negro woman, a slave; verdict and judgment, for the defendant in error, who was also defendant below; pleas, non detinet. The facts of the cause, with the instruction refused and given, appear by a bill of exceptions. Many facts and propositions appear by this record, which are not of importance to be noticed. I will, therefore, proceed to the point on which I believe this cause must be decided. It appears that one Edwards recovered judgment in the Circuit Court of St. Charles county, against one Clement B. Penrose, and on that judgment sued out execution and levied the same on the slave in question, which the Sheriff sold under that execution to Edwards, and that Edwards accordingly took *556 possession. The plaintiff,, Mary B. Penrose, immediately commenced, an action in the Circuit Court, (which was removed to the District Court of the United States,) against Edwards for this slave; to which action Edwards pleaded several pleas, among which were property in himself; and secondly, property in Clement B. Pen-rose, both of which were traversed. Upon the trial, the jury found that the slave was not the property of said Edwards, and that she was the property of Clement R. Penrose ; upon, which a return was awarded. •
Clement B. Penrose soon afterwards executed a hill- of sale of the slave to the plaintiff, and the slave then being in his possession, made a delivery to the plaintiff. The Marsha! soon after, b.y a writ de retorno issued, delivered the slave to Duff Green as the agent of Edwards, By which agency, and hy no other claim, Green held the slave when this'action was brought against him by the present plaintiff. Upon this stale of facts, the plaintiff's counsel on the trial prayed the Court to instruct the jury that the transcript of the record, in the suit between the plaintiff and Edwards, as given in evidence, is conclusive that the property in the slave was not in Edwards. Second. That said record is conclusive evidence that the property in the slave was, at the commencement of the suit therein mentioned, in Clement B. Pen-rose. Third. That the defendant is estopped from showing title to the slave to be in Edwards, at any time prior to the commencement of the suit between Mary B. Pen-rose and Edwards. Fourth. That the deed from C. B. Penrose to Mary B. Penrose is conclusive evidence against the defendant in this case. Which instruction the Court refused, but instructed the jury that if they Believed the deed from C. B. Pern - rose to Mary B. Penrose was fraudulent, they ought to find for the defendant. '
The errors relied, on.are-two : first,.that the Court refused to-give-tbe instruction-required : and secondly, that the-Court erred in giving the instruction it did.
Whether the Court erred on the last point, depends mainly on the question, did the: Court err on the first point ?
The first point is, in substance, what is the effect of a plea of property in a stranger, in an action of replevin, when it is found for the party pleading, it ? Edwardb plead properly in himself; that was found against him and also property in a stranger, which was found for him. This finding must have so-me effect. It had the effect to entitle him. to a return. The law is, that property in a stranger is a good plea, either in bar or abatement: 1 Chit.. Pleading, 435. It is contended by the defendant's counsel, that this plea amounts to nothing more than an averment that the property is not in the plaintiff. Chitty says, property in a stranger is a. good plea in bar. It cannot be, then, that it is a mere denial of the plaintiff’s property. Believing this to be the law; I will proceed- to- the next object- of inquiry. It is contended by the plaintiff’s counsel that this plea, and the finding on it, is conclusive that at the time of the commencement of that action, the property was in Clement B. Penrose, and that unless it were shown that Edwards acquired property from C. B. Penrose, afterwards, i. e., after the commencement of that suit, Green could not recover. I am clearly of this opinion. It is laid down in Peake’s Evi~ deiice, p. 345, that it is an established rule of law, that a fact which has once been directly decided shall not again be disputed between the same parties; and therefore a judgment of the same Court, or one of concurrent jurisdiction, whether upon verdict, demurrer, or by default, if directly upon the point, may be pleaded in bar, ok given in evidence, as the case may require, and is conclusive between the same parties upsn, the same matter, coming either directly or accidentally in question., Rt *557 appears to me that nothing can he more clear than this law, and that exactly fits this case. Here the suits were, in the first place, between Mary B. Penrose and Edwards. The points decided between them in that, were, that property was not in Edwards, but that it was in C. B. Penrose. Here the suit is between M. B. Penrose and Edwards, or Green, claiming under Edwards, and the point to be decided is, whether the property, at the time of bringing this action, was in the plaintiff; and the evidence offered is the very fact above founfl against Edwards, on the fprrper trial, that at the time the property, as he then alledged, was in C. B. Penrose, under whqm the plaintiff' claims. I am at a loss to reason on this point, and will conclude by observing that it seems to me to he the plainest case I eyer saw, and that the finding of the jury is conclusive between these parties.
The judgment of the Circuit Court is reversed; the cause is sent back to the Circuit Court for a new trial. As to the point of fraud I shall say nothing, because it will not again arise unless a different pa^e is presented than that now shown.
Tompkins, J.
I differ from the Court in opinion. The law is, In the general, as stated, but I do not agree as to the correctness of its application to this case. Mary B. Penrose can have, as the donor of C: B. Penrose, no right, which C. B. Penrose had not in himself, at the time of executing the deed, under which she claims, in this suit; certainly, C. B. Penrose could not have set up the verdict of the jury, in this cause, had he been the plaintifpin this action; and the verdict is the only evidence pf his right. With what justice, then, can Mary B., his donee, be allowed to make use of that verdict? When Edwards was sued by M. B, Penrose, he was bound to produce no more of his claim to the negro, than what sufficed to prove property out of the plaintiff. She sustained no injury by his holding back a part of his evidence, as it was no way material to her whether the property were in C. B. Penrose or N. Edwards, and, in fact it may be said to be a matter altogether immaterial to her claim.,